1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   BRENDA GARCIA,

8                          Plaintiff,

9          v.

10  CAROLYN W. COLVIN, Acting
    Commissioner of Social Security
11  Administration,

12                         Defendant.

NO:  13-CV-5065-TOR

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

13

14        BEFORE THE COURT are the Plaintiff's motion for summary judgment

15  and the Commissioner's motion for remand for further administrative proceedings

16  (ECF Nos. 17 and 21).  Plaintiff is represented by Cory J. Brandt.  Defendant is

17  represented by Lisa Goldoftas.  The Court has reviewed the administrative record

18  and the parties' completed briefing and is fully informed.  For the reasons

19  discussed below, the Court grants Plaintiff's motion and denies Defendant's

20  motion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.*, at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

"substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

1    activities on a sustained basis despite his or her limitations (20 C.F.R.

2    § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

3         At step four, the Commissioner considers whether, in view of the claimant's

4    RFC, the claimant is capable of performing work that he or she has performed in

5    the past ("past relevant work").  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

6    capable of performing past relevant work, the Commissioner must find that the

7    claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

8    performing such work, the analysis proceeds to step five.

9         At step five, the Commissioner considers whether, in view of the claimant's

10   RFC, the claimant is capable of performing other work in the national economy.

11   20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

12   must also consider vocational factors such as the claimant's age, education and

13   work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

14   Commissioner must find that the claimant is not disabled.  20 C.F.R.

15   § 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the

16   analysis concludes with a finding that the claimant is disabled and is therefore

17   entitled to benefits.  *Id.*

18        The claimant bears the burden of proof at steps one through four above.

19   *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

20   the analysis proceeds to step five, the burden shifts to the Commissioner to

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

1    establish that (1) the claimant is capable of performing other work; and (2) such

2    work "exists in significant numbers in the national economy."  20 C.F.R.

3    § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

5        Plaintiff applied for supplemental security income (SSI) benefits on

6    September 30, 2009, alleging a much earlier disability onset date.[1]  Tr. 276-79.

7    Plaintiff's claim was denied initially and on reconsideration.  Tr. 249-52, 255-56.

8    Plaintiff requested a hearing before an administrative law judge, which hearing

9    was held on October 21, 2011.  Tr. 382-404.  The ALJ issued a decision on

10   November 17, 2011, finding that Plaintiff was not disabled under the Act.  Tr. 15-

11   26.

12       At step one, the ALJ found that Plaintiff had not engaged in substantial

13   gainful activity since September 30, 2009, the application date.  Tr. 17.  At step

14   two, the ALJ found that Plaintiff had severe impairments, including major

15   depressive disorder, recurrent, moderate and borderline intellectual functioning,

16   *id.*, but at step three, the ALJ found that these impairments did not meet or

17   medically equal a listed impairment.  Tr. 20-21.

---

[1] Plaintiff is also not eligible for SSI disability benefits for any month prior to the
month following the month she filed her SSI disability benefits application. 20
C.F.R. §§ 416.330, 416.335.

The ALJ then determined that Plaintiff had the RFC to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: she is capable remembering locations and work-like procedures and understanding, remembering and carrying out short, simple instructions.  She is likely to have moderate to marked difficulty understanding, remembering and carrying out detailed instructions.  She may have moderate difficulty in maintaining attention and concentration for extended periods, in working in coordination or proximity to others without being distracted by them, and in responding to changes in the work setting.

Tr. 21-22.  At step four, the ALJ found that Plaintiff had no past relevant work.  Tr. 25.  At step five, after considering the Plaintiff's age, education,[2] work experience, and residual functional capacity, the ALJ found Plaintiff could perform other work existing in significant numbers in the national economy according to the grids.  Tr. 25.  Thus, the ALJ concluded that Plaintiff was not disabled and denied her claims on that basis.  Tr. 26.

On November 21, 2011, Plaintiff requested review of the ALJ's decision by the Appeals Council.  Tr. 10-11.  The Appeals Council denied Plaintiff's request for review on April 16, 2013, Tr. 3-6, making the ALJ's decision the Commissioner's final decision that is subject to judicial review.  42 U.S.C. §§ 405(g), 1383(c)(3);  20 C.F.R. §§ 416.1481, 422.210.

---

[2] Inexplicably, the ALJ found Plaintiff to have at least a high school education, Tr. 25, even though the ALJ earlier found she dropped out of school in the 9th grade and twice failed the GED test, Tr. 22.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income under Title XVI of the Social Security Act.  The parties agree the case should be reversed and remanded, but disagree whether this Court should remand for further administrative proceedings or for payment of benefits.

Plaintiff contends the ALJ already made the requisite findings that she met the criteria of listing 12.05C (Tr. 21).  She contends only the ALJ was confused as to the consequence of his findings, instead calling her IQ score of 69 "mild."

The Commissioner concedes that the ALJ erred in analyzing Plaintiff's impairments in 20 C.F.R. pt. 404, subpt. P, app. 1, Listing 12.05C.  The Commissioner contends the proper remedy is to reverse and remand for further administrative proceedings, because there are unresolved issues and the record does not clearly require a finding of disability.  ECF No. 21 at 6.

**DISCUSSION**

At step three of the sequential evaluation process, the ALJ must evaluate the claimant's impairments to determine whether they meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  See 20 C.F.R § 416.920(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The claimant bears the initial burden of proving that his or her impairments meet or equal a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

Listing.  *See Sullivan v. Zebley*, 493 U.S. 521, 530-33 (1990).  "To meet a listed

impairment, a claimant must establish that he or she meets each characteristic of a

listed impairment relevant to his or her claim." *Tackett*, 180 F.3d at 1099

(emphasis in original).  "To equal a listed impairment, a claimant must establish

symptoms, signs and laboratory findings 'at least equal in severity and duration' to

the characteristics of a relevant listed impairment, or, if a claimant's impairment is

not listed, then to the listed impairment 'most like' the claimant's impairment." *Id*.

(citing 20 C.F.R. § 404.1526) (emphasis in original).  A determination of medical

equivalence "must be based on medical evidence only." *Lewis v. Apfel*, 236 F.3d

503, 514 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(d)(3)); *see also Bowser v.

Comm'r of Soc. Sec.*, 121 F. App'x 231, 232 (9th Cir. 2005) ("Step three ... directs

the adjudicator to determine whether, in light of the objective medical evidence,

the claimant has a severe impairment or combination of impairments that meets or

equals the criteria in the Listing of Impairments[.]").  If a claimant's impairments

meet or medically equal a Listing, the claimant is "conclusively presumed to be

disabled," and is entitled to an award of benefits.  *Bowen v. Yuckert*, 482 U.S. 137,

141 (1987); *see also Lester v. Chater*, 81 F.3d 821, 828 (9th Cir. 1995)

("Claimants are conclusively disabled if their condition either meets or equals a

listed impairment.") (emphasis omitted).

A claimant satisfies Listing 12.05C, demonstrating "intellectual disability" and ending the five-step inquiry, if he can show: (1) subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) a valid IQ score of 60 to 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05C; *Kennedy v. Colvin*, 738 F.3d 1172, 1174 (9th Cir. 2013).

The ALJ made the following finding:

> Finally, the "paragraph C" criteria of listing 12.05 are met because the claimant does have a verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. The claimant has a full scale IQ of 69; however, this has been considered to be mild.

Tr. 21. The Commissioner contends the ALJ's assertion is confusing at best. ECF No. 21 at 7. The Commissioner now contends Plaintiff's IQ score is of questionable validity and the ALJ neglected to analyze whether Plaintiff had deficits in adaptive functioning before age 22.

These arguments are unpersuasive because this Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (quotation omitted); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d

1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ-not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

While the Commissioner cites to other evidence in the record showing one other IQ test in the borderline range of functioning, the ALJ found Plaintiff's IQ score to be 69 based on a more recent test, closer to Plaintiff's application date. While the ALJ called this score mild, it is only mild in the sense that it is within the mild mental retardation level of intellectual functioning. The ALJ did not question the validity of Plaintiff's IQ score, it is supported by substantial evidence, and therefore, the Commissioner cannot now challenge its validity in an effort to provide a post hoc rationalization for a remand.[3]

Next, the Commissioner contends the ALJ neglected to analyze whether Plaintiff had deficits in adaptive functioning before age 22. As Plaintiff aptly

_____

[3] Curiously, the Commissioner also argues that while Dr. Barnard opined that Plaintiff had mild mental retardation rather than borderline intellectual functioning, "he also estimated that she would have functional limitations only for between 24 and 48 months." ECF No. 21 at 10. Irrespective, that period is far greater than the not less than twelve month period necessary to support a finding of disability.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

observed, she was only 20 years old at the time of her application and only 22 at the time of the ALJ's decision.  While the ALJ could have spent more time discussing Plaintiff's lack of adaptive functioning, the record supports the ALJ's finding that Plaintiff meets Listing 12.05C.  The ALJ observed that she attended special education while in school, dropped out of high school in the 9th grade, has never performed substantial gainful activity, was unable to pass the GED after two attempts, does not have a driver's license, and still lives with her mother.  Tr. 22.

Thus, the Court agrees with the parties that the ALJ committed legal error by finding Plaintiff not disabled despite previously finding that she met a listed impairment.

The question, then, is whether Plaintiff is entitled to an award of benefits or whether a remand for further proceedings is warranted.  "[A] remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  "[A] remand for benefits must be ordered unless "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison v. Colvin*, --- F.3d ----, 2014 WL 3397218 at *21 (9th Cir., July 14, 2014).

The Court finds that a remand for benefits is appropriate.  The record has been fully developed, and further administrative proceedings would serve no useful

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

purpose.  Indeed, the only purpose that further proceedings could possibly serve is to afford the ALJ an opportunity to revise his factual findings to comport with his flawed conclusion.  As the Ninth Circuit explained in *Garrison*, such a result would be unfair to Plaintiff and would promote inefficiency.  *See id.* at \*20 ("Requiring the ALJs to specify any factors discrediting a claimant at the first opportunity helps to improve the performance of the ALJs by discouraging them from reaching a conclusion first, and then attempting to justify it by ignoring competent evidence in the record that suggests an opposite result. . . . Moreover, it avoids unnecessary duplication in the administrative hearings and reduces the administrative burden caused by requiring multiple proceedings in the same case.").

Finally, the Court is unable to find that the record creates "serious doubt" about whether Plaintiff is actually disabled.  *Id.* at \*21.  Accordingly, the Court will grant Plaintiff's motion for summary judgment.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 17) is **GRANTED**.

2. Defendant's Motion for Remand for Further Administrative Proceedings (ECF No. 21) is **DENIED**.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

3.  Pursuant to sentence four of 42 U.S.C. § 405(g), this action is hereby

    **REVERSED** and **REMANDED** to the Commissioner for calculation

    and award of benefits.

4.  Plaintiff may file an application for attorney's fees and costs by separate

    motion without moving to re-open the file.

The District Court Executive is hereby directed to file this Order, enter

**JUDGMENT** for Plaintiff, provide copies to counsel, and **CLOSE** the file.

**DATED** August 6, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14